## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY J. NASSEFF, JR., | Civ. No. 18-396 (DSD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| WILLIAM BRAUN, MICHAEL COSTELLO, ABBY DOMAGALSKI, GLENN LISOWY, ROBERT MARTIN, INEZ REORDAN, MICHELLE SMITH, PAULA A. THIELEN, JERRY THOR, NICK VIDAL, TAMMY WHERLEY, THERESA WOHLHAFER, In their individual capacities, | |
| Defendants. | |

Plaintiff Anthony Nasseff has filed a Complaint seeking relief for violations of his civil rights under 42 U.S.C. § 1983. He did not pay any filing fee for this case, but instead filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) The Court will not grant IFP status at this time because Nasseff's Complaint is inadequate. However, once Nasseff has had an opportunity to amend his Complaint, the Court will again consider his IFP application.

Because Nasseff is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). According to this statute—which is part of the Prison Litigation Reform Act ("PLRA")—prisoners who are granted IFP status are not excused from

paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In this case, Nasseff names a number of Defendants in the caption "in their individual capacities" but makes no allegations against them in the Complaint. This is

insufficient in the context of a § 1983 action where "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Nasseff will therefore be given an opportunity to amend his Complaint within twenty days of the date of this Order. If Nasseff elects to amend, he must submit an entirely new pleading clearly labeled as an Amended Complaint in which he describes the specific factual bases for his claims against each Defendant who is named in his or her individual capacity. Once Nasseff has filed an amended complaint, the Court will again consider his IFP application. If Nasseff does not file an amended complaint within the time allowed, the Court will recommend that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Finally, Nasseff moves to consolidate this case with Civil Case No. 17-4278 (JRT/BRT). The Court will deny this motion without prejudice due to the deficiencies in the complaint as it currently stands.

### ORDER

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Nasseff's application to proceed *in forma pauperis* (Doc. No. 2) will not be granted at this time.

2. Within twenty days of the date of this Order, Nasseff shall file an Amended Complaint that complies with the requirements described herein, failing which this case will be dismissed for failure to prosecute.

3

3. Nasseff's Motion to Consolidate/Joinder of Parties (Doc. No. 3) is **DENIED** without prejudice.

Dated:  April 2, 2018                                          *s/ Becky R. Thorson*
                                                              BECKY R. THORSON
                                                              United States Magistrate Judge